IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE: JOHN RUFUS HALL, JR. )
        Debtor ) CASE NO. 05-71152
         )
         ) CHAPTER 7
         )

### MEMORANDUM DECISION

In his Schedule C the Debtor claimed as exempt under the provisions of Va. Code § 34-4, the Virginia homestead exemption statute, $1,585 of an Individual Retirement Account (IRA) represented to have a value of $2,800. With his bankruptcy petition the Debtor filed a copy of his duly recorded homestead deed, which made no reference to the IRA. The first meeting of creditors was scheduled for and held on May 5, 2005. At that meeting the Trustee raised a question about the claimed exemption of the account because the homestead deed did not refer to it. The Debtor also claimed as exempt his interest in a "401K" account maintained by his employer and the Trustee does not contest the claim of exemption for such account. The Debtor then filed a new homestead deed which included the IRA but did not record it in the Wise County (Va.) Circuit Court Clerk's Office until May 11, 2005. Thereafter, the Trustee filed a timely objection to the claimed exemption and a motion to require the Debtor to turn over such account to the Trustee. In his motion the Trustee represents that the value of the account actually exceeds $4,900 rather than the $2,800 value represented in Schedule C. The Debtor filed an objection to this motion in which he asserted that the account had been claimed as exempt in Schedule C and that it was not subject to turnover to the Trustee. At no time has the Debtor filed an amended Schedule C claiming any exemption for the account on any basis other than the Virginia homestead exemption statute.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The determination of exemption claims and motions to turn over property of the estate are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(B) and (E).

To be effective in a Chapter 7 bankruptcy case a claim of exemption pursuant to the Virginia homestead exemption provided by Va. Code § 34-4 must be perfected by recording a homestead deed in the proper Clerk's Office within five days after the first scheduled date of the first meeting of creditors held pursuant to 11 U.S.C. § 341. Va. Code § 34-17. This requirement has been strictly enforced in chapter 7 bankruptcy cases. *See Mayer v. Quy Van Nguyen*, 211 F.3d 105 (4th Cir. 2000); *In re Meyer*, 211 B.R. 203 (Bankr. E.D. Va. 1997); *In re Wallace*, 249 B.R. 677 (Bankr. W.D. Va. 2000). A timely filed homestead deed can be later amended after that deadline has passed but only for limited purposes, principally to change the valuation on items previously claimed as exempt. It is not permissible to add new assets not claimed as exempt in the timely filed homestead deed. *See Ames v. Custis*, 87 B.R. 415 (Bankr. E.D. Va. 1988); *In re Redmon*, 31 B.R. 756 (Bankr. E.D. Va. 1983).

The first meeting of creditors was scheduled for and held on May 5, 2005. A timely homestead deed could have been filed on or before May 10, 2005. That day was a Tuesday and no claim has been made that there existed any circumstance which would have extended the Debtor's right to file the amended homestead deed to the following day. No claim of exemption for the IRA account was made in the original homestead deed. Accordingly, the new homestead deed which sought to add the IRA was untimely and ineffective in bankruptcy.

The Trustee responds to the claim or claims of exemption actually made, not to those which might have been made but were not.[1]  Therefore, both the Trustee's Objection to the claim of exemption and his Motion to require the Debtor to turn over the entire balance of the account to him are justified by the facts and law applicable to this case and will be sustained and granted, respectively.  An order to such effect shall be entered contemporaneously with the signing of this Decision.

       This 24th  day of June, 2005.

                                      /s/ William F. Stone, Jr.

                                UNITED STATES BANKRUPTCY JUDGE

---

[1]  The Court notes that the recent Supreme Court decision dealing with IRA Accounts in bankruptcy, *Rousey v. Jacoway*, 125 S. Ct. 1561, 161 L. Ed. 2d 563 (2005) dealt with the exemption of such accounts under the federal exemption scheme set forth in 11 U.S.C. 522(d), which is not applicable to bankruptcy cases of Virginia residents because Virginia has "opted out" of the federally allowed  exemptions in favor of its own statutory provisions.  Va. Code 34-3.1 (Repl. Vol. 1996).